UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOEY BERRY,

                              **Petitioner,**

                v.                            9:05-CV-760
                                                                (FJS/DEP)

**SUPERINTENDENT,**

                              **Respondent.**

_____

**APPEARANCES**

**JOEY BERRY**
**01-A-4384**
Upstate Correctional Facility
P.O. Box 2000
Malone, New York 12953
Petitioner *pro se*

**SCULLIN, Chief Judge**

### ORDER

       The Clerk of the Court has sent Petitioner Joey Berry's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, together with his application to proceed *in forma pauperis*, to the Court for its review. *See* Dkt. Nos. 1, 3.[1]

       In his habeas petition, Petitioner complains about a judgment of conviction rendered in Albany County Court wherein a jury convicted him of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the third degree. *See* Dkt. No. 1 at 1. As a result of this

---

[1] Petitioner is currently incarcerated at Upstate Correctional Facility and has not paid the fee required to commence this action.

conviction, Petitioner was sentenced to a term of ten to nineteen years imprisonment. *See id.* The Appellate Division affirmed this conviction, *see id.* at 2, and the Court of Appeals denied Petitioner leave to appeal on June 23, 2004. *See id.*

Section 2254 of Title 28 of the United States Code provides, in pertinent part, that "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant **has exhausted the remedies available in the courts of the State** . . . ." 28 U.S.C. § 2254(b)(1)(A) (emphasis added). This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc) (citations and footnote omitted). "[T]he exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id.* at 191 (citations omitted); *see also Thomas v. Scully*, 854 F. Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'" (quotation and other citations omitted)). "The requirement that federal courts not exercise habeas review of a state court conviction unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted). "The chief purpose of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.*

(footnote omitted).

In the present case, it does not appear that Petitioner has exhausted the state-court remedies available to him regarding his claims. In this regard, Petitioner states in his petition that on June 14, 2005, he filed a motion in state court pursuant to New York Criminal Procedure Law § 440.10 ("CPL 440 motion") and that he has not yet received a ruling on that motion. *See* Dkt. No. 1 at 3. Based upon this statement, it is clear that Petitioner has not exhausted his available state court remedies and, thus, his federal habeas petition is premature. Accordingly, the Court dismisses the petition without prejudice. *See Ruine v. Senkowski*, No. 00 Civ. 3798, 2000 WL 1530020, *2 (S.D.N.Y. Oct. 16, 2000) (holding that "if a § 440 motion is pending, state court remedies have not yet been exhausted, and the habeas petition must be dismissed" (citations omitted)). However, the Court grants Petitioner leave to refile a petition within the statute of limitations period once he has exhausted his state court remedies.[2]

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW**; and the Court further

---

[2] The Court advises Petitioner that he must file a petition for habeas relief within one year of the judgment of conviction becoming final. A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *See Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where . . . the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed" (quotation omitted)). However, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To avoid any problems with the statute of limitations, Petitioner should file any renewed § 2254 habeas petition **promptly** after the disposition of the pending CPL 440 motion instate court.

  **ORDERS** that Petitioner's *in forma pauperis* application is **DENIED AS MOOT**; and

the Court further

  **ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated: July 7, 2005
   Syracuse, New York

                     _____
                     Frederick J. Scullin, Jr.
                     Chief United States District Court Judge